UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Monica T.,[1]

         Plaintiff,

v.

Kilolo Kijakazi,
Acting Commissioner of Social Security,

         Defendant.

Court File No.  22-cv-152 (LIB)

**ORDER**

Plaintiff, Monica T., (hereinafter "Plaintiff"), seeks judicial review of the decision of the Acting Commissioner of Social Security ("Defendant") denying her application for disability benefits.  The matter is before the undersigned United States Magistrate Judge for disposition pursuant to 28 U.S.C. § 636 and Local Rules 7.2(a)(1).  This Court has jurisdiction over the claims pursuant to 42 U.S.C. § 405(g).  Both parties submitted cross-motions for summary judgment, and the Court took the matter under advisement on the parties' written submissions.  [Docket Nos. 13, 18].

For the reasons discussed herein, the Court **GRANTS**, in part, and **DENIES**, in part, Plaintiff's Motion for Summary Judgment, [Docket No. 13], and **DENIES** Defendant's Motion for Summary Judgment.  [Docket No. 18].

---

[1] This District has adopted the policy of using only the first name and last initial of any nongovernmental parties in Social Security opinions such as the present Order.  Accordingly, where the Court refers to Plaintiff by her name, only her first name and last initial are provided.

## I. Procedural History

On April 7, 2020, Plaintiff filed a Title II application for a period of disability and disability benefits, and an application for supplemental security income. (Tr. 272-294).[2] Plaintiff alleged that her disability began on February 24, 2020, and that her disability was caused by impairments of "degenerative disc disease," "level 2 cervical fusion – 2004," "anterior posterior lumbar fusion – 2015," "discectomy – 2013," "chronic shoulder pain," "chronic neck pain," "PTSD," "severe arthritis," and "dyslexia." (Tr. 88). The Acting Commissioner initially denied Plaintiff's present claims on June 8, 2020, and again, upon reconsideration, on September 16, 2020. (Tr. 113-152). On September 28, 2020, Plaintiff filed a written request for a hearing before an Administrative Law Judge. (Tr. 171-172).

Administrative Law Judge Erin Schmidt (hereinafter "ALJ") conducted a hearing on March 19, 2021. (Tr. 15). Plaintiff testified at the hearing, along with independent vocational expert, Michael Stern. (Tr. 15). On May 5, 2021, the ALJ issued a decision denying Plaintiff's request for disability insurance benefits and supplemental security income. (Tr. 15-32). The ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act. (Tr. 32).

Thereafter, Plaintiff sought review of the decision by the Appeals Council. (Tr. 1-6). Subsequently, on November 24, 2021, the Appeals Council denied Plaintiff's request for review. (Tr. 1). Accordingly, the ALJ's decision became the final decision of the Acting Commissioner. See 20 C.F.R. §§ 404.981, 416.1481.

---

[2] Throughout this Order, the Court refers to the Administrative Record, [Docket No. 8], by the abbreviation "Tr." The Administrative Record is consecutively paginated across 84 exhibits. (See Administrative Record [Docket No. 8]. Where the Court cites to the Administrative Record, it refers to the page numbers found in the bottom-right corner of these exhibits.

On January 21, 2022, Plaintiff filed the present action. (Compl., [Docket No. 1]). Thereafter, both parties submitted cross-motions for summary judgment, and the Court took the matter under advisement on the written submissions. [Docket Nos. 13, 18].

## II. Standards of Review

### A. Administrative Law Judge's Five-Step Analysis

If a claimant's initial application for disability benefits is denied, she may request reconsideration of the decision. 20 C.F.R. §§ 404.907–404.909. A claimant who is dissatisfied with the reconsidered decision may then obtain administrative review by an administrative law judge ("ALJ"). 42 U.S.C. § 405(b)(1); 20 C.F.R. § 404.929.

To determine the existence and extent of a claimant's disability, the ALJ must follow a five-step sequential analysis. This analysis requires the ALJ to make a series of factual findings regarding the claimant's impairments, residual functional capacity, age, education, and work experience. See 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); see also Locher v. Sullivan, 968 F.2d 725, 727 (8th Cir. 1992). The Eighth Circuit has described this five-step process as follows:

> The Commissioner of Social Security must evaluate: (1) whether the claimant is presently engaged in a substantial gainful activity; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations; (4) whether the claimant has the residual functional capacity to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.

Dixon v. Barnhart, 353 F.3d 602, 605 (8th Cir. 2003).

### B. Appeals Council Review

If the claimant is dissatisfied with the ALJ's decision, she may request review by the Appeals Council; however, the Appeals Council need not grant that request for review. See 20

3

C.F.R. §§ 404.967–404.982.  The decision of the Appeals Council (or, if the request for review is denied by the Appeals Council, then the decision of the ALJ) is final and binding upon the claimant, unless the matter is appealed to federal court within sixty days after notice of the Appeals Council's action.  See 42 U.S.C. § 405(g); 20 C.F.R. § 404.981.  In this case, the Appeals Council declined to review the ALJ's decision finding that Plaintiff was not disabled.  (Tr. 1-7).

**C.  Judicial Review**

Judicial review of the administrative decision generally proceeds by considering the decision of the ALJ at each of the five steps.  However, judicial review of the Commissioner's decision to deny disability benefits is constrained to a determination of whether the decision is supported by substantial evidence in the record, as a whole.  42 U.S.C. § 405(g); Bradley v. Astrue, 528 F.3d 1113, 1115 (8th Cir. 2008); Tellez v. Barnhart, 403 F.3d 953, 956 (8th Cir. 2005); Buckner v. Apfel, 213 F.3d 1006, 1012 (8th Cir. 2000) ("We may reverse and remand findings of the Commissioner only when such findings are not supported by substantial evidence on the record as a whole.").  "Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." Coleman v. Astrue, 498 F.3d 767, 770 (8th Cir. 2007); Buckner, 213 F.3d at 1012 (quoting Prosch v. Apfel, 201 F.3d 1010, 1012 (8th Cir. 2000)).

In reviewing the record for substantial evidence, the Court may not substitute its own judgment or findings of fact for that of the ALJ.  Hilkemeyer v. Barnhart, 380 F.3d 441, 445 (8th Cir. 2004).  The possibility that the Court could draw two inconsistent conclusions from the same record does not prevent a particular finding from being supported by substantial evidence.  Culbertson v. Shalala, 30 F.3d 934, 939 (8th Cir. 1994). The Court should not reverse the

Commissioner's finding merely because evidence may exist in the administrative record to support the opposite conclusion.  Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir. 1993).

After balancing the evidence, if it is possible to reach two inconsistent positions from the evidence and one of those positions represents the Commissioner's decision, the court must affirm the decision.  Robinson v. Sullivan, 956 F.2d 836, 838 (8th Cir. 1992).  Thus, the court will not reverse the ALJ's "denial of benefits so long as the ALJ's decision falls within the 'available zone of choice.'"  Bradley v. Astrue, 528 F.3d 1113, 1115 (8th Cir. 2008).  The decision of the ALJ "is not outside the 'zone of choice' simply because [the Court] might have reached a different conclusion had [it] been the initial finder of fact."  Id.  "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision."  Medhaug v. Astrue, 578 F.3d 805, 813 (8th Cir. 2009) (quotation omitted).

The claimant bears the burden under the Social Security Act of proving that she is disabled.  See 20 C.F.R. § 404.1512(a); Whitman v. Colvin, 762 F.3d 701, 705 (8th Cir. 2014).  Once the claimant has demonstrated she cannot perform prior work due to a disability, the burden then shifts to the Commissioner to show that the claimant retains the residual functional capacity ("RFC") to engage in some other substantial, gainful activity.  Goff v. Barnhart, 421 F.3d 785, 790 (8th Cir. 2005).

### III. Decision Under Review

Before beginning the five-step disability evaluation process, the ALJ first determined that Plaintiff met the insured status requirement of the Social Security Act through September 30, 2025. (Tr. 17).  This finding is not in dispute.

Thereafter, the ALJ made the following determinations during the five-step disability evaluation process.

At step one, the ALJ concluded that Plaintiff had not engaged in substantial gainful activity since February 24, 2020. (Tr. 17). This finding is not in dispute. The Court will refer to the period of time between the date Plaintiff last engaged in substantial gainful activity and the date through which Plaintiff meets the insured status requirement of the Social Security Act as "the adjudicated period."

At step two, the ALJ concluded that Plaintiff had the following severe impairments: degenerative disc disease of the lumbar and cervical spine with a history of fusions; degenerative joint disease including sacroiliac joint dysfunction and a history of coccyx fracture with residual pain; fibromyalgia/chronic pain syndrome; anxiety disorder; unspecified trauma disorder; and dysthymia. (Tr. 18). These findings are not in dispute.

At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 18-22). Specifically, the ALJ found that Plaintiff did not have any impairment or combination of impairments which met or medically equaled listings 1.15, 1.16, 1.18, 12.04, 12.06, and 12.15. (Tr. 18-22).[3]

At step four, the ALJ made the following RFC determination:

> [T]he claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except with the following limitations: occasional stooping, crouching, crawling, and climbing ramps and stairs; no climbing ladders, ropes, or scaffolds; no overhead reaching bilaterally; no fast paced production work, defined as work requiring more than frequent handling, fingering, or reach bilaterally; no exposure to potential workplace hazards such as moving machinery or unprotected heights; must alternate between sitting and

---

[3] While not directly pertinent to the Court's ultimate Order for remand, Plaintiff challenges the ALJ's findings at step three only with respect to listings 12.04 and 12.15.

standing every 30 minutes, thus no uninterrupted sitting or standing longer than 30 minutes; and simple routine tasks.

(Tr. 22).  Plaintiff challenges this RFC determination made by the ALJ.

In making this RFC determination, the ALJ, considering the record, as a whole, found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms;" however, the ALJ also found that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in [the ALJ's] decision." (Tr. 23).  Plaintiff challenges this credibility finding by the ALJ.

Based on that RFC determination, the ALJ found that Plaintiff was unable to perform any past relevant work.  (Tr. 30).  Plaintiff does not challenge this finding.

Finally, at step five, the ALJ concluded that "[c]onsidering the [Plaintiff's] age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the [Plaintiff] can perform."  (Tr. 30).  Relying upon testimony from independent vocational expert Michael Stern, ("IVE Stern"), the ALJ specifically found that, among the representative occupations, Plaintiff would be able to perform the requirements of Cashier II (Dictionary of Occupational Titles No. 211.462-010) of which there are 11,000 positions in the national economy; and Order Desk Caller (Dictionary of Occupational Titles No. 209.667-014) of which there are 10,500 positions in the national economy.  (Tr. 31).  Other than an implicit challenge based on Plaintiff's other challenges, Plaintiff does not directly challenge the ALJ's findings at step five.

Accordingly, the ALJ found that Plaintiff was not under a disability, as that term is defined by the Social Security Act, at any time during the adjudicated period.  (Tr. 32).

## IV. Analysis

Plaintiff asserts one general overarching issue on her appeal of the ALJ's decision: whether there is substantial evidence on the record, as a whole, to support the ALJ's RFC determination. (Plf.'s Mem., [Docket No. 16], at pp. 12-24).  In support, Plaintiff first argues that the ALJ erred by not specifically discussing and finding that all of Plaintiff's impairments were severe and disabling at step two of the sequential evaluation.  (Plf.'s Mem., [Docket No. 16], at pp. 13-14). Second, Plaintiff asserts a catchall argument contending that the ALJ's RFC determination is not supported by substantial evidence due to several purported deficiencies.  (Id. at pp. 14-23).

The Acting Commissioner contends that she is entitled to summary judgment, arguing that each of Plaintiff's arguments are unavailing, and that the ALJ's opinion is supported by substantial evidence in the record. (See Def.'s Mem. [Docket No. 19]).

### A. Plaintiff's Impairments

Plaintiff does not challenge the ALJ's findings in step two of the sequential process.  (Plf.'s Mem., [Docket No. 16], at p. 13).  Rather, Plaintiff argues that the ALJ should have specifically discussed, and then found that Plaintiff's "learning disability,[4] dyslexia, migraines, ADHD, hypertension, ovarian cysts, liver cysts, kidney cysts, and insomnia" were severe and disabling. (Id.).  Plaintiff argues, however, that the ALJ's failure to consider, mention, or analyze these severe impairments affected the rest of the sequential evaluation, such that the RFC and the hypothetical posed to the vocational expert failed to account for these impairments.  (Id.).

---

[4] Initially, the Court notes that it is unclear precisely what Plaintiff means by "learning disability."  The category for "Learning Disorders" in the Diagnostic and Statistical Manual of Mental Disorders, Fourth Edition Text Revision (DSM–IV–TR)[4] contains four learning disorders: Reading Disorder, Mathematics Disorder, Disorder of Written Expression, and Learning Disorder Not Otherwise Specified. DSM-IV-TR (2000), 49-56.  Plaintiff does not specifically identify which of the four learning disability categories she is asserting as a severe impairment. (See Plf. Mem., [Docket No. 16], at pp. 13-14).  However, identifying the precise learning disorder on which Plaintiff bases her argument is not crucial to the analysis in the present case.

For the reasons discussed below, the Court finds that, based on the failings of the ALJ's decision with respect to Plaintiff's dyslexia, remand is appropriate.

The Commissioner uses a five-step evaluation to determine if a claimant is disabled. See Simmons v. Massanari, 264 F.3d 751, 754 (8th Cir. 2001); 20 C.F.R. § 416.920(a)(4). Step two of the evaluation states that a claimant is not disabled if her impairments are not "severe." Simmons, 264 F.3d at 754; 20 C.F.R. § 416.920(a)(4). An impairment is not severe if it amounts only to a slight abnormality that would not significantly limit the claimant's physical or mental ability to do basic work activities. See Bowen v. Yuckert, 482 U.S. 137 at 153 (1987); Id. at 158 (O'Connor, J., concurring); 20 C.F.R. § 404.1521(a). If the impairment would have no more than a minimal effect on the claimant's ability to work, then it does not satisfy the requirement of step two. Page v. Astrue, 484 F.3d 1040, 1043 (8th Cir. 2007). It is the claimant's burden to establish that her impairment or combination of impairments are severe. Mittlestedt v. Apfel, 204 F.3d 847, 852 (8th Cir. 2000). Severity is not an onerous requirement for the claimant to meet, see Hudson v. Bowen, 870 F.2d 1392, 1395 (8th Cir. 1989), but it is also not a toothless standard, and courts have upheld on numerous occasions the Commissioner's finding that a claimant failed to make this showing. See, e.g., Page, 484 F.3d at 1043-44; Dixon v. Barnhart, 353 F.3d 602, 605 (8th Cir. 2003); Simmons, 264 F.3d at 755; Gwathney v. Chater, 104 F.3d 1043, 1045 (8th Cir. 1997); Nguyen v. Chater, 75 F.3d 429, 431 (8th Cir. 1996).

However, it is also well established that the Commissioner, through the ALJ, must adequately explain her decisions and factual findings in order to permit the Court to determine whether substantial evidence supports the decision. See Scott ex rel. Scott v. Astrue, 592 F.3d 818, 822 (8th Cir. 2008) (citing Chunn v. Barnhart, 397 F.3d 667, 672 (8th Cir. 2005)); Pettit v. Apfel, 218 F.3d 901, 903–04 (8th Cir. 2000). The Eighth Circuit has held that a "failure to adequately

9

explain . . . factual findings is 'not a sufficient reason for setting aside an administrative finding' where the record supports the overall determination." Scott, 592 F.3d at 822 (citing Senne v. Apfel, 198 F.3d 1065, 1067 (8th Cir. 1999)). Remand is appropriate, however, where the Commissioner's factual findings, considered in the context of the record as a whole, are insufficient to permit the Court to conclude that substantial evidence supports the Commissioner's decision. See Scott, 592 F.3d at 822. In those cases where the Commissioner's factual findings and overall conclusions are insufficient for meaningful appellate review, remand is appropriate. See Pettit v. Apfel, 218 F.3d 901, 903–04 (8th Cir. 2000).

Here, Plaintiff reported, among other things, "dyslexia" as an impairment in her application for disability benefits, which was specifically noted by the non-examining State Agency consultants at the initial claim and reconsideration levels. (Tr. 88, 91, 100, 103, 116, 121, 123, 133, 138, 140). Plaintiff also reported dyslexia as an impairment in her April 10, 2020, Adult Disability Report. (Tr. 373). Plaintiff's treatment records also reflect a diagnosis of dyslexia and complaints of her dyslexia worsening with pain and affecting her work with numbers. (Tr. 685, 775). However, the Court finds that there is nothing in the ALJ's decision indicating that Plaintiff's dyslexia was actually considered. Indeed, a reading of the ALJ's opinion is devoid of any mention of dyslexia—a reader would have no idea that Plaintiff suffers from dyslexia, or that there any stemming issues or complaints.

To be sure, Plaintiff bears the burden of establishing that she cannot perform past relevant work. But "the ALJ bears a responsibility to develop the record fairly and fully, independent of the claimant's burden to press [her] case." Snead v. Barnhart, 360 F.3d 834, 838 (8th Cir. 2004). If the ALJ found the current record contained sufficient evidence to reach a decision on Plaintiff's

dyslexia, then the ALJ was required to provide at least some indication of what evidence she considered and explain her decision.

After reviewing the entire record carefully, the Court cannot conclude that substantial evidence on the record as a whole supports the ALJ's factual finding, decisions, or overall conclusion regarding Plaintiff's ability to perform light work as a Cashier II or an Order Desk Caller, in light of no apparent consideration by the ALJ of Plaintiff's reported dyslexia.[5]   For example, the position of Cashier II requires someone who:

> Records amounts received and prepares reports of transactions.  Reads and records totals shown on cash register tape and verifies against cash on hand.  May be required to know value and features of items for which money is received.  May give cash refunds or issue credit memorandums to customers for returned merchandise . . .

DOT 211.462-010.  However, Plaintiff reported difficulty working with numbers because of her dyslexia. (Tr. 685).  Accordingly, for the reasons discussed above, the Court finds that, based on the failings of the ALJ's decision, remand is appropriate.

On remand, the ALJ should review the record to consider the extent of Plaintiff's dyslexia, and whether any limitations should be included in the RFC with respect to this impairment. Thereafter, the ALJ should then convene a second administrative hearing to determine the extent to which Plaintiff's dyslexia could restrict the two representative occupations of Cashier II and Order Desk Caller.

---

[5] Because the Court recommends remand of the matter back to the ALJ to reevaluate and explain her findings with respect to Plaintiff's RFC, the Court need not address at this time Plaintiff's other arguments. See Cuthrell v. Astrue, 702 F.3d 1114, 1117–118 (8th Cir. 2013).

## V.  Conclusion

Therefore, based on the foregoing, and all the files, records, and proceedings herein, the

Court **HEREBY ORDERS THAT**:

1. Plaintiff's Motion for Summary Judgment, [Docket No. 13], is **GRANTED, in part**, and **DENIED, without prejudice, in part**;

2. Defendant's Motion for Summary Judgment, [Docket No. 18], is **DENIED**; and

3. The above matter is **REMANDED** to the Social Security Administration pursuant to sentence four of 42 U.S.C. § 405(g), for further administrative proceedings consistent with the opinion above.

**LET JUDGMENT BE ENTERED ACCORDINGLY**

Dated:  January 4, 2023

s/Leo I. Brisbois
Hon. Leo I. Brisbois
United States Magistrate Judge